A    473
33a   20
73a  473
35a   87
37a  533
73a  473
46a  371
73a  473
54a  477
54a  633
·73   473
73a  199
73a  473
175  375
73a  473
87a  654
73    473
Case 1
102a  660
73    473
Case 1
213   381

CONFESSION OF JUDGMENT—*errors waived.* Where a warrant of attorney to confess a judgment authorizes waiving all error, and judgment is confessed in open court and all errors waived, it will be affirmed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MCCLELLAN & HODGES, for the appellant.

Messrs. WALKER, DEXTER & SMITH, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a judgment confessed in the Superior Court of Cook county. It was on a declaration, note, warrant of attorney, and a *cognovit.* The confession was in open court, and execution of the warrant of attorney was duly proved, and the court thus acquired complete jurisdiction over the parties and the subject matter. The warrant of attorney authorized the waiving of all error, which was done by the *cognovit.* All of the exceptions urged against the judgment are, if anything, mere errors, and they were waived of record in the court below, and the judgment of the Superior Court is affirmed.

*Judgment affirmed.*

---

## ASAHEL GAGE *et al.*

### *v.*

## ISRAEL P. RUMSEY *et al.*

73b  473
166   170

ASSESSMENT—*sub-division of real estate.* Where land is sub-divided by one who does not own it, and who has no authority for so doing, such subdivision is void, and an assessment for taxes according to such sub-division, as well as all subsequent proceedings under such assessment, is void.

APPEAL from the Superior Court of Cook county.

This was a bill in chancery, filed in the Superior Court of Cook county, by the appellees, in which they allege that they were the owners of certain land, and that one John E. Gardner made a sub-division of certain other lands, and, through fraud or mistake, at the same time, as a part of such sub-division, sub-divided the land in dispute; that, afterwards, and before appellees knew of such sub-division, they went to the county collector's office for the purpose of paying the taxes on their said land, and were informed that there was no land on the assessment books answering the description of appellees' land; that, afterwards, they learned it had been assessed according to Gardner's sub-division, and that a large portion of the lots, according to said sub-division, had been sold for taxes in pursuance of such assessment.

The prayer of the bill was to annul the tax sale and enjoin the issuing of a deed.

A demurrer to the bill was overruled and the relief asked for granted.

Mr. EDWARD ROBY, for the appellants.

Messrs. EWING & LEONARD, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The land in question had not been divided into lots by the owners, and was therefore improperly assessed as lots. The demurrer admits the facts which are properly pleaded in the bill, and they show a case where a party, having no right whatever to the land, sub-divided it, and this without the knowledge or consent of the real owners. As such, it was assessed for taxes. The sub-division being without warrant, and void, the assessment was also void, as well as all subsequent proceedings thereunder. *Sanderson* v. *City of LaSalle*, 57 Ill. 445.

The bill has equity, and the demurrer was properly overruled. The decree of the Superior Court is affirmed.

*Decree affirmed.*